IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

JESSE R. MASTERS,            )
                             )
        Plaintiff,           )
                             )
                             )  Case No. CIV-21-293-KEW
                             )
COMMISSIONER OF THE SOCIAL   )
SECURITY ADMINISTRATION,     )
                             )
        Defendant.           )

**OPINION AND ORDER**

Plaintiff Jesse R. Masters (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying his application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that he was not disabled. For the reasons discussed below, it is the finding of this Court that the Commissioner's decision should be and is REVERSED and the case is REMANDED for further proceedings

**Social Security Law and Standard of Review**

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairments are of

such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. § 423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. *Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997) (citation omitted). The term "substantial evidence" has been interpreted by the United States

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally, Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

2

Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971), quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. *Casias v. Secretary of Health & Human Servs.*, 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also*, *Casias*, 933 F.2d at 800-01.

### Claimant's Background

Claimant was 64 years old at the time of the decision. He has at least a high school education and past work as a correction officer and a security guard. Claimant alleges an inability to work beginning on December 30, 2015, due to limitations resulting from neuropathy, back pain, and problems with his hearing.

### Procedural History

On July 19, 2017, Claimant filed for disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) of the Social Security Act. His application was denied initially and upon reconsideration. ALJ Michael Mannes conducted an administrative hearing, and then on October 26, 2018, he entered an unfavorable

3

decision. Claimant requested review by the Appeals Council, which denied review on March 7, 2019. Claimant appealed the decision to this Court, and on September 1, 2020, United States Magistrate Judge Steven P. Shreder reversed and remanded the ALJ's decision, instructing the ALJ to properly consider the evidence when determining Claimant's severe impairments at step two, including evidence that predated Claimant's onset of disability date and postdated Claimant's date last insured. (Tr. 672-79). The Appeals Council vacated the prior decision and remanded the case for further proceedings consistent with Magistrate Judge Shreder's Opinion and Order. (Tr. 683).

A second administrative hearing was held on May 17, 2021, before ALJ Mannes. On June 3, 2021, he issued an unfavorable decision. The Appeals Council did not take further action, so the ALJ's decision became final for purposes of the current appeal. 20 C.F.R. §§ 404.984, 416.1484.

### Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He determined that while Claimant suffered from severe impairments, he did not meet a listing and retained the residual functional capacity ("RFC") to perform medium work with additional limitations.

**Errors Alleged for Review**

Claimant's sole ground of error is that the ALJ failed to discuss uncontroverted and/or significantly probative evidence that conflicted with his findings.

**Consideration of the Evidence**

In his decision, the ALJ found Claimant suffered from severe impairments of degenerative joint disease, peripheral neuropathy, hearing loss, and obesity. (Tr. 599). He determined Claimant could perform medium work with additional limitations. Claimant could only occasionally climb ramps or stairs and never climb ladders, ropes, or scaffolds. He could frequently balance, stoop, kneel, crouch, or crawl, and he could frequently handle and finger bilaterally, with occasional use of foot controls. Claimant must avoid frequent exposure to the extreme cold, loud noise, and vibration. (Tr. 601).

After consultation with the vocational expert ("VE"), the ALJ determined Claimant could perform the representative jobs of day worker, change house attendant, and counter supply worker, all of which he found existed in sufficient numbers in the national economy. (Tr. 604). As a result, the ALJ concluded Claimant had not been under a disability from the alleged onset date of December 30, 2015, through December 31, 2015, the date last insured. *Id*.

Claimant contends that the ALJ failed to discuss certain evidence pertaining to his impairments, including evidence

5

referenced in the Court's remand order, and that such evidence contradicts the ALJ's RFC determination that Claimant can perform medium work. "[I]n addition to discussing the evidence supporting his decision, the ALJ must also discuss the uncontroverted evidence he chooses not to rely upon, as well as significantly probative evidence he rejects." *Clifton v. Chater*, 79 F.3d 1007, 1010 (10th Cir. 1996) (citation omitted). The ALJ may not "pick and choose among medical reports, using portions of evidence favorable to his position while ignoring other evidence." *Hardman v. Barnhart*, 362 F.3d 676, 681 (10th Cir. 2004), citing *Switzer v. Heckler*, 742 F.2d 382, 385-86 (7th Cir. 1984). He must "explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved." *See* Soc. Sec. Rul. 96-8p, 1996 WL 374184, at *7 (July 2, 1996).

Although this case is complicated by the fact that Claimant's amended onset date was December 30, 2015, and his insured status expired on December 31, 2015, the ALJ was still required to consider not only medical evidence from the relevant period, but also medical records that "predate or postdate the insured period," as such records "may constitute indirect evidence of a claimant's condition during the insured period[.]" *Chitwood v. Comm'r of Social Security Admin.*, 2020 WL 5757673, at *3 (E.D. Okla., Sept. 28, 2020); *see also Hamlin v. Barnhart*, 365 F.3d 1208, 1215, 1217 (10th Cir. 2004) (the ALJ should consider evidence from an earlier

6

time period as it may be relevant to whether the claimant is disabled); *Hardman*, 362 F.3d at 678, 681 (remanding for the ALJ to consider an MRI performed over one year after the date last insured); *Miller v. Chater*, 99 F.3d 972, 977 (10th Cir. 1996) (finding that it was legal error if the ALJ did not consider medical evidence because it postdated the date last insured); *Baca v. Dep't of Health & Human Servs.*, 5 F.3d 476, 479 (10th Cir. 1993) (evidence beyond the date last insured may be considered to the extent it sheds light on the nature and severity of claimant's condition during the insured period).

Although the ALJ discussed certain evidence in the decision from periods before and after the insured period, there are several medical records and findings that were not discussed from the same time periods or periods closer in time to the expiration of Claimant's insured status. For example, the ALJ made mention of Claimant's degenerative joint disease in his right hand and both wrists (records from 2007) (Tr. 601), but he made no mention of x-rays from December of 2012, which showed Claimant had spondylosis with mild foraminal narrowing on the right at C4-C5, nor did he mention records from December of 2014, wherein it was noted Claimant has a "past history suggestive of cervical spine disorder." (Tr. 406, 590). He also notes Claimant experienced joint pain with symptoms of neuropathy and discussed other findings related to Claimant's neuropathy (Tr. 601-02), but the ALJ failed

7

to mention records from December of 2014 that Claimant had "significant paresthesia affecting both lower extremities and sensitive also to colder temperatures" (Tr. 590) and records from December of 2015, wherein Claimant complained of numbness in his toes and fingers, to the extent that it was making it difficult for Claimant to drive. (Tr. 586). The ALJ failed to discuss evidence describing the worsening of Claimant's neuropathy from 2016 and evidence from 2017, which suggested Claimant's issues with neuropathy had been ongoing for year. (Tr. 408, 410, 485-86, 491-92, 580, 583). He further failed to discuss evidence regarding Claimant's hearing from February of 2016, which included audiometry test results of "[n]ormal sharply sloping to moderately severe left and severe right [sensorineural hearing loss]." (Tr. 579).

The ALJ should have considered this evidence and/or explained why he disregarded it. See *Hardman*, 362 F.3d at 681 (noting the ALJ may not "pick and choose among medical reports, using portions of evidence favorable to his position while ignoring other evidence"). In light of this evidence, on remand, the ALJ should reassess the RFC after discussing all the probative evidence in the record with regard to Claimant's impairments, including the third-party function reports, reconsider his subjective complaints in light of the evidence, and determine what work, if any, Claimant can perform.

**Conclusion**

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied. Therefore, this Court finds, in accordance with the fourth sentence of 42 U.S.C. § 405(g), the ruling of the Commissioner of Social Security Administration should be and is **REVERSED** and the case is **REMANDED** for further proceedings consistent with the Opinion and Order.

IT IS SO ORDERED this 31st day of March, 2023.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE